```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                   13-1943(DSD/JSM)
```

Angela N. Ikeri and Augustine
C. Onuoha,

      Plaintiffs,

v.                                        **ORDER**

Sallie Mae, Inc. and International
University of Nursing, LLC,

      Defendants.

    P. Chinedu Nwaneri, Esq. and Nwaneri Law Firm PLLC, 4655 Nicols Road, Suite 106, Eagan, MN 55122, counsel for plaintiffs.

    Robert M. Smith, Esq. and Robert M. Smith Law Office, 100 South Fifth Street, Suite 2100, Minneapolis, MN 55402 and J. Christopher Jensen, Esq. and Cowan, Liebowitz & Latman PC, 1133 Avenue of the Americas, New York, NY 10036, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendant International University of Nursing LLC (IUON) and the motion to amend the complaint by plaintiffs Angela N. Ikeri and Augustine C. Onuoha. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion to dismiss and denies the motion to amend.

## BACKGROUND

This contract dispute arises out of Onuoha's attendance of IUON, a nursing school located in St. Kitts and Nevis. Am. Compl. ¶ 4. In September 2006, Onuoha was accepted to IUON's two-year

nursing program.  Id. ¶ 9.  At the time of his admission, IUON informed Onuoha that (1) he would be offered a student loan through non-party Sallie Mae[1] and (2) upon successful completion of one year of study at IUON, he would be able to transfer to one of IUON's partner schools in the United States.  Id. ¶¶ 12-13.

Ikeri co-signed Onuoha's loan through Sallie Mae.  Id. ¶ 20.  Onuoha enrolled at IUON in September 2006 and Sallie Mae disbursed $31,486.00 to Onuoha for tuition.  Id. ¶¶ 27, 30.  In April 2007, Sallie Mae informed Onuoha and IUON that it would not grant IUON students any additional loans.  Id. ¶ 31.

After Onuoha's first year at IUON, IUON unsuccessfully attempted to transfer Onuoha to West Kentucky Community and Technical College.  Id. ¶ 37.  Thereafter, IUON requested that Onuoha take an academic leave of absence.  Id. ¶ 38.  Onuoha took a leave of absence from IUON and, in August 2008, IUON informed Onuoha that he had been admitted to the nursing program at Essex County Community College (ECCC) in New Jersey.  Id. ¶ 51.  Onuoha did not enroll in ECCC and instead completed his nursing school at Clarence Fitzroy Bryant College in St. Kitts and Nevis.  Id.

---

[1] Sallie Mae was initially named as a defendant in this matter.  On April 23, 2014, plaintiffs filed a stipulation dismissing Sallie Mae as a defendant.  See ECF No. 48.  Prior to such stipulation, Sallie Mae moved to strike and dismiss the amended complaint.  Because Sallie Mae is no longer a defendant in this matter, the court denies that pending motion as moot.

On July 19, 2013, Ikeri filed a complaint against IUON and Sallie Mae, alleging that IUON and Sallie Mae falsified Onuoha's student loan application by including a fake Social Security number.  On October 17, 2013, Ikeri moved to amend the complaint to add Onuoha as a plaintiff and assert claims for breach of contract, misrepresentation, fraud and emotional distress.  On February 5, 2014, magistrate judge Janie S. Mayeron granted in part the motion to amend, allowing the addition of Onuoha as a plaintiff and the addition of the breach of contract claim.

On February 13, 2014, plaintiffs filed a one-count amended complaint, alleging only a breach of contract claim on behalf of Onuoha.  Specifically, the claim alleges that IUON failed to transfer Onuoha to a school in the United States after his first year at IUON.  IUON moved to dismiss, and the court scheduled a hearing on the motion.  Thereafter, two days before the hearing on the motion to dismiss, plaintiffs again moved to amend their complaint, seeking to add a breach of contract claim on behalf of Ikeri and claims of fraud on behalf of both plaintiffs.

## DISCUSSION

**I.   Motion to Amend**

The court first addresses plaintiffs' motion to amend the amended complaint.  The court shall provide leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend,

however, is not an absolute right and "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment may be grounds to deny a motion to amend." Doe v. Cassel, 403 F.3d 986, 991 (8th Cir. 2005) (citation and internal quotation marks omitted). "[D]elay alone is insufficient to deny a motion for leave to amend." Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (citation omitted). "Rather, the party opposing the motion must show it will be unfairly prejudiced." Id. (citation omitted).

Here, plaintiffs have exhibited bad faith and have been dilatory in seeking leave to amend their complaint. Specifically, after IUON moved to dismiss the complaint, plaintiffs did not submit a memorandum in opposition to the motion, as required by Local Rule 7.1(c)(2),[2] or move to amend to cure any deficiencies. Rather, plaintiffs waited for nearly two months after IUON moved to dismiss before filing the instant motion to amend two days before the hearing on the motion to dismiss. See ECF Nos. 49, 61. Such delay is particularly problematic because the facts underlying the proposed claims have long been known to plaintiffs. Indeed, the

---

[2] On April 25, 2014, the morning of the hearing, plaintiffs submitted a memorandum in opposition to the motion to dismiss. Thereafter, on June 9, 2013, plaintiffs moved the court to accept its late-filed response. See ECF No. 68. Although it would be fully within the court's discretion under the Local Rules to not consider the memorandum, the court grants the motion to accept the late response.

4

claims are nearly identical to those that the magistrate judge previously considered and rejected, citing a lack of particularity. See ECF No. 36, at 23, 29.  The court will not countenance such eleventh-hour delay tactics and bad faith on the part of plaintiffs.  Moreover, IUON has demonstrated prejudice, as its counsel had fully briefed and prepared for the pending hearing concerning  the motion to dismiss the before plaintiffs brought their dilatory motion.  As a result, given such delay and bad faith by plaintiffs and the prejudice to IUON, leave to amend is not warranted.

**II.  Motion to Dismiss**

As a result, the court considers IUON's motion to dismiss the one count in plaintiffs' amended complaint.

### A.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain

detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and some materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and internal quotation marks omitted). In this case, the court does not consider the plaintiffs' declarations, as they are neither matters of public record nor embraced by the pleadings.

**B.   Breach of Contract**

IUON argues that the breach of contract claim is time-barred by Minnesota's six-year statute of limitations. See Minn. Stat. § 541.05, subdiv. 1(1). Specifically, IUON argues that the purported breach of contract - IUON failing to transfer Onuoha after his first year of study - occurred in July 2007, more than six years before the filing of the amended complaint. Plaintiffs respond that (1) the relevant date for purposes of statute of

limitations is July 2008 rather than July 2007 and (2) the breach of contract claim in the amended complaint relates back to the original complaint. Both arguments are unavailing.

Plaintiffs argue that IUON "willingly and voluntarily carried on its responsibility to transfer Onuoha to one of its purported partner schools throughout the ... 2007/2008 academic year, which ended in July 2008." ECF No. 60, at 6. As a result, plaintiffs argue that July 2008 is the relevant date for considering whether the claims are timely. The breach of contract claim, however, is expressly premised on the allegations that "IUON has breached its contract ... to transfer [Onuoha] to one of IUON's partner schools *after he successfully completed one academic year* in IUON's ... program." Am. Compl. ¶ 55 (emphasis added). Under Minnesota law, "a breach of contract action accrues at the time of the breach." Estate of Riedel by Mirick v. Life Care Ret. Cmtys., Inc., 505 N.W.2d 78, 81 (Minn. Ct. App. 1993) (citations omitted). Given the amended complaint's express reliance on July 2007 as the date of the alleged breach, the court finds that the breach of contract claim accrued in July 2007 - more than six years before the proposed amended complaint was served.

Plaintiffs argue that the claim is nevertheless timely because the breach of contract claim relates back to the original complaint. Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when ...

the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." "To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts." Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010) (citations and internal quotation marks omitted). Rule 15(c), however, "is not merely an identity of transaction test such as the rules governing joinder of claims or parties." Glover v. FDIC, 698 F.3d 139, 145 (3d Cir. 2012) (citation and internal quotation marks omitted). Rather, "[t]he facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." Dodd, 614 F.3d at 515 (citation omitted).

Here, the original complaint - filed only on behalf of Ikeri - was premised on the allegations that IUON and Sallie Mae falsified portions of the student loan application for which Ikeri co-signed. See Compl. ¶¶ 6-14. By contrast, the amended complaint - asserted only on behalf of Onuoha - alleges that IUON misled Onuoha by promising to transfer him to an American university. See Am. Compl. ¶ 54-56. Thus, the original complaint arises out of the relationship between Ikeri, as co-signer of the loan, and Sallie Mae, and the amended breach of contract claim arises out of the relationship between Onuoha and IUON. In other words, the allegations in the amended complaint do not arise out of the same

conduct or transaction as those of the original complaint. See Dodd, 614 F.3d at 515. Moreover, the original complaint did nothing to place IUON on notice of the subsequent claims of the amended complaint, as the new claim is different in underlying facts and legal theory than the original claims. See Glover, 698 F.3d at 146 ("[O]nly where the opposing party is given fair notice of the general fact situation and the legal theory upon which the amending party proceeds will relation back be allowed .... Conversely, amendments that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." (citations and internal quotation marks omitted)). As a result, the amended complaint does not relate back to the original complaint and, because the proposed amended complaint was served more than six years after the alleged breach, the breach of contract claim is time-barred. Therefore, dismissal is warranted.[3]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss the amended complaint [ECF No. 43] is granted;

---

[3] IUON also argues that the claim cannot relate back under the requirements of Rule 15(c)(1)(C), which applies to changes in parties. Because the court finds that plaintiffs do not meet the threshold requirements of Rule 15(c)(1)(B), however, it need not reach such an argument.

    2.    The motion to amend the pleadings [ECF No. 49] is denied;

    3.    The motion for extension of time and for the court to accept late-filed responses [ECF No. 68] is granted;

    4.    The motion to strike and dismiss [ECF No. 40] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 18, 2014

                                          <u>s/David S. Doty</u>
                                          David S. Doty, Judge
                                          United States District Court